UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARL H. SCHMID, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2094** |
| **RAMON GONZALEZ JAMESON, ET AL.** | **SECTION: "L" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery and Deem Responses to Requests for Admission Admitted (R. Doc. 28)**, filed by the Plaintiffs, Karl Schmid ("Mr. Schmid") and Lisa Schmid ("Mrs. Schmid"). The Plaintiffs seek a court order compelling the Defendant, National Union Insurance Company ("National Union"), to respond to outstanding discovery. The Plaintiffs also seek a court order that deems the Defendant's responses to certain Requests for Admissions admitted. The Motion is opposed. *See* R. Doc. 31. The Motion was heard for oral argument on Wednesday, August 5, 2015.

### I.     Background

This action arises out of a vehicle collision between Mr. Schmid and former defendant, Ramon Gonzalez Jameson ("Jameson"), who is Consul General for Mexico. The Plaintiffs allege that on September 13, 2013, Jameson collided with Mr. Schmid's vehicle when he did not stop at the stop sign at the intersection of South Peters Street and Andrew Higgins Street in New Orleans, Louisiana. *See* R. Doc. 1, p. 2-3. Plaintiffs allege that Mr. Schmid suffered severe and debilitating injuries to his wrists, shoulders, neck and low back. *Id*. The Plaintiffs seek damages for past, present and future pain and suffering, lost wages, mental anguish, lost enjoyment of life, loss of consortium, property damage and medical expenses. *Id*. at 4.

This action was filed on September 11, 2014, and on April 14, 2015, the Court granted the Plaintiffs' motion to dismiss Jameson as a defendant because the parties agreed and

stipulated that Jameson is entitled to diplomatic immunity pursuant to Articles 1 and 31 of the Vienna Convention on Diplomatic Relations, and the Diplomatic Relations Act of 1978, 22 U.S.C. § 254, et seq., 28 U.S.C. § 1364; 28 U.S.C. §1351.

In the instant Motion, the Plaintiffs seek a court order compelling the production of outstanding discovery and a court order deeming insufficient the Defendant's responses to Request for Admission ("RFA") Nos. 2, 4, and 5. *See* R. Doc. 28-1. During oral argument, the Plaintiffs notified the Court that their request for discovery responses is moot because the Defendant produced discovery after the subject Motion was filed. *See* R. Doc. 36-2. Thus, the remaining issue is the sufficiency of the Defendant's responses to RFA Nos. 2, 4, and 5.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 36 provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." After being served with a Request for Admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).

Furthermore, in responding to a Request for Admission,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

If a producing party believes the responding party's answer or objection is insufficient, they may move to determine the sufficiency. Fed. R. Civ. P. 36(a)(6). If the Court finds that an answer does not comport with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." *Id.*

The purpose of Rule 36 is to "promote trial efficiency by allowing the party obtaining the admissions to narrow the issues and focus discovery on the issues effectively identified by the admissions." *Spikes v. Bolivar Cnty., Mississippi*, No. 2:07-CV-22-MPM-SAA, 2008 WL 2797014, at *3 (N.D. Miss. July 8, 2008). Rule 36 narrows the issues by "identifying and eliminating those matters on which the parties agree." *Am. Auto. Ass' n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

**III.   Analysis**

The RFAs challenged by the Plaintiff include the following:

**REQUEST FOR ADMISSION NO. 2**
Admit or deny that at that time, your insured, Ramon Gonzalez Jameson, proceeded through the stop sign without stopping at the Intersection of Andrew Higgins and South Peters Street.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**
Denied.

**REQUEST FOR ADMISSION NO. 4:**
Admit or deny that, at the time, place, and intersection, Karl Schmid was proceeding with the right of way.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**
Denied except to state that the street on which the plaintiff was proceeding was a right-of-way thoroughfare. However, plaintiff was speeding.

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that you are currently unaware of any facts which would indicate that Karl Schmid operated his vehicle in an unreasonable manner at the time and place of this accident.
**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**
Denied, Mr. Schmid's vehicle was being driven at an excessive speed.

R. Doc. 28-4, pp. 1-2.

The Plaintiffs argue that the Defendant's denials to the above RFAs should be deemed admitted due to the insufficient responses. The Plaintiffs contend that the Defendant's answers are insufficient because the speeding allegation is solely based on hearsay from the Jameson, who has allegedly exercised his diplomatic immunity to not testify in a deposition. *Id*. at 5. Plaintiffs argue that the Defendant has not produced any other discovery to support its answer to the Requests for Admissions, and Jameson's refusal to testify precludes his testimony as competent evidentiary support. *See* R. Doc. 36-2, p. 2. Plaintiffs additionally argue that Defendant's contention that it may uncover evidentiary support in Mr. Schmid's upcoming deposition or from his medical records is without merit. *See id.* at 3. Plaintiffs contend that Mr. Schmid's medical records are an objective fact and do not "contain the hidden treasure the Defendant now longs to find." *Id*. at 4.

The Court recognizes that individuals who qualify for diplomatic immunity "enjoy complete immunity from the obligation to provide evidence as witnesses and cannot be required to testify even, for example, if they have been the victim of a crime."[1] Nonetheless, out of court statements made by an immune individual is not competent evidence and only amounts to inadmissible hearsay evidence. *See Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 683 F. Supp. 2d 1, 13 (D.D.C. 2010) (finding that ambassador's decision to submit an affidavit does not waive the ambassador's invocation of diplomatic immunity and concluding the affidavit is hearsay).

Thus, the Court recognizes that it cannot compel Jameson to testify in a deposition for the purpose of subjecting him to cross examination regarding his speeding allegation. Since

---

[1] Diplomatic and Consular Immunity: Guidance for Law Enforcement and Judicial Authorities, United States Department of Justice, Office of Foreign Missions (2015), http://www.state.gov/documents/organization/150546.pdf.

4

Jameson will not testify and all statements made by Jameson only amount to hearsay, the Court concludes that the Defendant cannot rely upon Jameson's statements as the rationale for its responses to the Plaintiff's RFAs. Having made this determination, the Court now looks to the sufficiency of each response at issue.

The Defendant's response to **Request for Admission No. 2**, which sought an admission that Jameson did not stop at the stop sign, was a straight and simple denial. The Court finds that this response is sufficient under the Rules.

As for the Defendant's response to **Request for Admission No. 4**, which sought an admission that the Plaintiff had the right of way, the Court finds that the Defendant's response was non-responsive. In response to RFA No. 4, the Defendant responded by stating that Mr. Schmid was on a street with a right of way thoroughfare but he was speeding. However, the request did not address the speed at which Mr. Schmid was going but addressed whether he was going the right of way. Furthermore, during the hearing, counsel for the Defendant informed the Court that the police report of the accident stated that Mr. Schmid was going the right of way. Thus, the Defendant's response is stricken and RFA No. 4 is deemed admitted.

In **Request for Admission No. 5**, which requested an admission that the Defendants are unaware of facts regarding Mr. Schmid driving unreasonably, the Defendant denied the RFA and stated that Mr. Schmid was speeding. The Defendant concedes that its only evidence of Mr. Schmid speeding is from Jameson, which the Court has determined is insufficient to rely upon. Therefore, the Defendant may deny RFA No. 5, but the Defendant's response regarding Mr. Schmid's alleged speeding is stricken from RFA No. 5.

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Compel Discovery and Deem Responses to Requests for Admission Admitted (R. Doc. 28)** is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to deeming RFA No. 4 admitted and striking any reference to speeding from RFA No. 5. It is **DENIED** as to RFA No. 2. It is **DENIED AS MOOT** as to the Plaintiff's motion to compel the production of documents.

New Orleans, Louisiana, this <u>10th</u> day of August 2015.

                                                                         _____
                                                                         **KAREN WELLS ROBY**
                                                                         **UNITED STATES MAGISTRATE JUDGE**