## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KARL SCHMID AND LISA SCHMID

VERSUS

NATIONAL UNION INSURANCE CO. ET AL.

CIVIL ACTION

NO. 14-2094

SECTION "L" (3)

## ORDER & REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment against both

National Union Fire Insurance Company of Pittsburg, PA and Encompass Indemnity Company

(R. Doc. 88).[1]  Defendants oppose Plaintiffs' Motion but are unable to offer evidence to dispute

the facts as set forth by the Plaintiffs.  Having considered the briefing and the applicable law, the

Court now issues this Order and Reasons.

### I.        UNCONTESTED FACTS

This case arises out of a motor vehicle accident that occurred on September 13, 2013, at

approximately 9:00 a.m. Plaintiff Karl Schmid ("Schmid") was proceeding eastbound in the left

lane of S. Peters St. in New Orleans, Louisiana, in his 2006 Dodge Ram pick-up truck,

approaching the intersection with Andrew Higgins Blvd.  The conditions were sunny, clear and

dry at that time.  The travel of Schmid's vehicle on S. Peters Street through its intersection with

Andrew Higgins Blvd. was not impeded by any traffic control.

At the same time, Ramon Gonzalez Jameson ("Jameson", a member of the mission of the

Consulate of Mexico operating a 2012 Nissan Altima owned by the Mexican Consulate General,

was proceeding southbound on Andrew Higgins Blvd. toward the same intersection.  Jameson's

---

[1] Encompass Indemnity Company had yet to make an appearance or file any responsive pleadings into the record of this matter at the time the Plaintiffs filed their original Motion for Partial Summary Judgment (R. Doc. 21), or when the Court heard oral arguments on that Motion on August 26, 2015.  At the Court's request, the Plaintiffs now re-file that same Motion against both National Union and Encompass.  Therefore, this Order & Reasons addresses both Motions.

travel was impeded by a stop sign prohibiting his free entry into the intersection, without first stopping to yield to traffic proceeding on St. Peters Street.

As Schmid approached the intersection, he was proceeding at approximately 25 m.p.h. within the posted speed limit.  Jameson ignored and/or disregarded the stop sign impeding his travel, and proceeded through the intersection without stopping, causing his vehicle to strike Schmid's vehicle.  At all relevant times, Schmid was proceeding reasonably under all circumstances, within the speed limit, with all due caution, without any traffic controls in his path of travel through the intersection, and had no reasonable opportunity to observe or avoid Jameson's approaching vehicle prior to the impact.  At the scene of the accident, Jameson admitted running the stop sign but asserted Diplomatic Immunity as Consul General for Mexico, and therefore the responding New Orleans police officer declined to cite Jameson for the traffic violation.  Schmid was not cited for any traffic violation.

## II.     PRESENT MOTION

On September 11, 2014, Plaintiffs filed a complaint in the Eastern District of Louisiana seeking full and complete relief for the damages caused by Jameson's negligence against Jameson's insured, Defendant National Union Insurance Company. (R. Doc. 1)  On August 26, 2015, Plaintiffs filed a third supplemental and amended complaint adding Plaintiffs' uninsured/underinsured motorist insurance carrier, Defendant Encompass Insurance Company, (R. Doc. 75)   Plaintiffs assert their claim pursuant to Section 1364 of the Diplomatic Relations Act and the Louisiana Direct Action Statute.  The complaint alleges that, as a result of the accident, Schmid suffered severe and debilitating injuries to his wrists, shoulders, neck and low back.  Plaintiffs seek to recover for Karl's pain and suffering, lost wages, mental anguish, lost enjoyment of life, loss of consortium, property damages, and medical expenses, as well as Lisa's

loss of consortium.  (R. Doc. 1).  In their present motion, Plaintiffs seek Partial Summary Judgment on Defendant's Liability.

### III.     APPLICABLE LAW

#### a.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37

F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a

verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

### b. Negligent Liability and the Duty of Motorists at Intersections

In Louisiana, courts employ a duty-risk analysis to assess a party's alleged negligence.

*Long v. State ex rel. Dept. of Transp. and Development,* 916 So.2d 87, 101 (La.2005) (citation

omitted). Under the duty-risk analysis, the plaintiff must establish five elements:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element);
> (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element);
> (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);
> (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
> (5) proof of actual damages (the damages element).

*Id.*

A motorist's duty while at an intersection is set forth in Section 32:123 of the Louisiana

Revised Statutes, which imposes a duty on drivers stopped at intersections to yield to the

preferential right of way. *See id.* Section 123 provides:

> A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.
> B. Except when directed to proceed by a police officer or a traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

*Id.* It is well settled that

> [a] motorist who is confronted with a stop sign at an intersection is required to bring his vehicle to a complete stop before entering the crossing, to appraise traffic in the intersecting street and to make certain that the way is clear for him to make a safe passage across the intersection before he enters it.

*McElroy v. Wilhite,* 903 So.2d 627, 631–632 (La.App.2d Cir.2005) (citations omitted); *see also Toston v. Pardon,* 874 So .2d 791, 801 (La.2004) (vehicle at a stop sign has a duty to yield to all vehicles that are approaching so closely as to constitute an immediate hazard) (citing La. R.S. 32:123(B)).  A driver who stops at a stop sign has discharged only part of his duty, and is further required to make certain that it is safe to proceed before he does so. *See Coleman v. Rabon,* 561 So.2d 897, 901 (La.Ct.App.2d 1990); *Continental Ins. Co. v. Duthu,* 235 So.2d 182, 186 (La.Ct.App. 4th Cir.1970); *see also Follins v. Barrow,* 354 So.2d 609, 611 (La.Ct.App.1977) (stating that "[a] motorist entering an intersection has the duty to look for approaching traffic and not to enter the intersection when it is patently unsafe to do so.") (citation omitted); *LeBlanc v. Fidelity Fire & Cas. Ins. Co.,* 633 So.2d 891, 893 (La.Ct.App. 1st 1994) (same); *Scott v. Behrman,* 273 So.2d 661, 664 (La.Ct.App. 4th 1973) (holding that driver proceeding onto a favored street from a side street controlled by a stop sign, "into the path of a car 150 feet away on a 30 mph, right of way street" was a breach of the duty owed to motorists driving on superior streets to yield the right of way and not attempt to cross when it is hazardous to do so). Thus, Jameson was required to come to a complete stop, appraise traffic, and make certain that the way was clear. *See Tatum v. Old Republic Ins. Co.,* 643 So.2d 419, 422 (La.Ct.App.3d 1994).

According to the Louisiana Supreme Court, the Plaintiff's duty as a motorist driving on a favored street is two-fold:

> A motorist on a right of way street is entitled to assume that motorists on the unfavored street approaching a stop sign will obey the traffic signal and will stop, look and yield the right of way to traffic proceeding on the favored street. Of course, once a right of way motorist in the exercise of ordinary vigil[a]nce sees that another motorist has failed to yield the right of way, a new duty thereafter devolves on the right of way motorist to take reasonable steps to avoid an accident if there is enough time to afford him a reasonable opportunity to do so.

*Sanchez Fernandez v. General Motors Corp.,* 491 So.2d 633, 636 (La.1986) (citations omitted).

*See also Decker,* 247 So.2d at 234 (asserting that motorist operating vehicle on a right of way

street, with knowledge that the intersecting street is controlled by a stop sign, has a right to assume that drivers approaching from the less favored street will bring their vehicles to a complete stop before entering the intersection). The motorist entering a favored street is entitled, however, to assume that the vehicle traveling on the favored street will obey the speed limit. *See Tatum,* 643 So.2d at 423 (citation omitted).  Moreover, it is well settled in Louisiana that "only in *exceptional circumstances,* where the motorist on the favored street could have avoided the accident by the exercise of the *slightest sort of observation and care,* that he will be found derelict." *Bourgeois v. Francois,* 245 La. 875, 884, 161 So.2d 750, 753 (La.1964) (citations omitted) (emphasis added).

### IV.   DISCUSSION

The only sworn testimony of record consists of the Affidavit of Karl Schmid.  In that sworn testimony, it is established that, at the time of accident, Schmid was proceeding eastbound in the left lane of S. Peters Street through the intersection with Andrew Higgins Blv.  Schmid had the right of way through the intersection, as his path was not impeded by traffic contols.  However, the traffic travelling on the intersecting road, Andrew Higgins Blvd., was impeded by a stop sign.  Yet, despite the stop sign, Jameson proceeded southbound on Andrew Higgins Blvd. without stopping, and collided with Schmid's vehicle.  There is no evidence of any other party's fault.  All available evidence shows that Schmid was proceeding reasonably under all the circumstances, within the posted speed limit, with all due caution, and was proceeding without any controls in his path of travel through the intersection.  The Defendant has yet to produce any countervailing factual evidence.  Jameson cannot be compelled to give testimony and there are no other known witnesses to the accident.

**V.      CONCLUSION**

The uncontested facts show that, as a matter of law, Jameson is at sole legal fault for this

accident.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment (R. Docs. 21, 88) is

**GRANTED**.


New Orleans, Louisiana, this 12th day of November, 2015.

UNITED STATES DISTRICT JUDGE